UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA CHAVES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HYUNDAI MOTOR AMERICA, a California Corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00524-BAM<br><br>**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS ATTORNEYS OF RECORD FOR PLAINTIFF JULIA CHAVES**<br><br>**ORDER SETTING STATUS CONFERENCE TO DETERMINE HOW PLAINTIFF JULIA CHAVES INTENDS TO PROCEED IN THIS ACTION; <u>SEPTEMBER 23, 2025 AT 9:00 AM</u> WITH EACH PARTY CONNECTING REMOTELY VIA ZOOM VIDEO CONFERENCE**<br><br>**<u>JULIA CHAVES IS REQUIRED TO APPEAR</u>**<br><br>(Doc. 10) |

Pending before the Court is the motion of Attorneys Michelle Yang and Sanam Vaziri of Prestige Legal Solutions, P.C. ("PLS"), and its attorneys, requesting leave to withdraw as counsel of record for Plaintiff Julia Chaves. (Doc. 10.) The matter was heard by videoconference on August 22, 2025, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Sanam Vaziri appeared by Zoom video on behalf of Plaintiff Julia Chaves. The Court delayed the start of the conference by eight minutes to allow Plaintiff additional time to appear. Plaintiff Julia

1  Chaves did not appear. Counsel Rohit Sengupta appeared by Zoom video on behalf of Defendant
2  Hyundai Motor America.
3       Having considered the moving papers, arguments, and record in this action, the motion to
4  withdraw as counsel of record will be GRANTED.

## BACKGROUND

On May 5, 2025, Plaintiff removed this action from Kings County Superior Court.[1] (Doc. 1.) On July 29, 2025, Sanam Vaziri and Michelle Yang, counsel for Plaintiff, filed notices of appearance in this action. (Docs. 6, 7.) On August 4, 2025, Plaintiff's counsel moved to withdraw as counsel. (Doc. 10.) On August 5, 2025, the Court convened a Scheduling Conference. (Doc. 12.) Plaintiff's counsel was directed to file an updated declaration in support of the motion to withdraw that included proof of service of the motion on Plaintiff and Plaintiff's email address. (*Id.*)

Plaintiff's counsel served a copy of the motion to withdraw on Plaintiff via email and physical mail at her last known address. (*Id.* at ¶¶ 8-9.) Plaintiff's counsel subsequently filed a declaration, proof of service, and Plaintiff's email address. (Doc. 13.) At the hearing on August 22, 2025, Plaintiff's counsel informed the Court that there has been no contact from Plaintiff after the filing of the motion to withdraw, despite Counsel's efforts.

## DISCUSSION

**A. Motion for Leave to Withdraw**

Plaintiff's counsel moves for leave to withdraw as attorneys of record. (Doc. 10.) According to the moving papers, Plaintiff's counsel contends that "representing [Plaintiff] has become, and will continue to become, unreasonably difficult, and eventually impossible, as Plaintiff refuses to engage in any communications with PLS." (Doc. 10 at 3; Doc. 13 ¶¶ 5-6.) Plaintiff's counsel further contends that "[g]ranting this motion will not unduly affect the prosecution of this case or its progress to trial," as "[n]ew counsel can be brought into the action and easily brought up to speed on the pending action since it is in its early stages of litigation and

---

[1] *Julia Chaves v. Hyundai Motor America, and Does 1 Through 10, Inclusive*, Case No. 25CU0142, was filed in Kings County Superior Court on April 1, 2025. (Doc. 1.)

no trial date has yet been set." (Doc. 10 at 3.)

**B.  Legal Standard**

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); *see also Thomas v. Experian Info. Sols., Inc.*, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client "renders it unreasonably difficult for the member to carry out the employment effectively." California Rule of Professional Conduct 3-700(C)(1).

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas*, 2014 WL 7359180, at *1; *Canandaigua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. "In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy." *Id.* at *2 (citation omitted).

///

3

**C. Analysis**

In the instant action, withdrawal is sought because Plaintiff has ceased communicating with counsel. (Docs. 10 at 3, 13 ¶ 3.) According to Sanam Vaziri's Declaration, PLS attempted to contact Plaintiff via telephone sixteen separate times from January 2, 2025 to July 26, 2025. (Doc. 13 ¶ 5.) All of these attempts were unsuccessful. (*Id.*) PLS also attempted to reach Plaintiff via email. (*Id.* ¶ 6.) Plaintiff did not respond, though Counsel was able to see that Plaintiff viewed the document. (*Id.*)

Counsel declares that the failure of Plaintiff to communicate with them has made it impossible to effectively represent Plaintiff. (*Id.* ¶ 3.) Counsel's reason for withdrawal weighs in favor of granting the motion. Defendant does not oppose the requested withdrawal. Dates have not yet been set for discovery or trial, suggesting that withdrawal will not result in prejudice to other litigant or otherwise delay resolution of the case. These factors therefore also weigh in favor of granting leave to withdraw.

**CONCLUSION AND ORDER**

For the reasons stated, the Court HEREBY ORDERS as follows:

1. The motion for leave to withdraw as attorneys of record for Plaintiff Julia Chaves filed by Sanam Vaziri and Michelle Yang of Prestige Legal Solutions, P.C. (Doc. 10) is GRANTED.

2. Julia Chaves is substituted *in propria persona* in place and stead of Michelle Yang and Sanam Vaziri of Prestige Legal Solutions, P.C.

3. The Clerk of the Court is directed to update the docket with the contact information of Julia Chaves at her last known address:

    1320 S. Marion St.
    Tulare, CA 93274
    sweetjul76@hotmail.com

    Plaintiff is advised that pursuant to Local Rules 182(f) and 183(b) she is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number.

4. The Court further sets a Status Conference to determine how Plaintiff intends to

proceed in this action for **September 23, 2025 at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** with each party connecting remotely via Zoom video conference.  <u>Plaintiff is required to appear.</u> The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference.  The Zoom ID number and password are confidential and are not to be shared.  Appropriate court attire required.

5. The Clerk of the Court is directed to serve a copy of this Order on Plaintiff by mail at Plaintiff's last known address and also serve this Order by email.

IT IS SO ORDERED.

Dated:   **August 25, 2025**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE